**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**LARRY COLEMAN,**

    **Plaintiff,**

**vs.**                                                              **CASE NO. 3:08CV205-LC/AK**

**JAMES R. MCDONOUGH,**

    **Defendants.**

    _____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 against two corrections officers at Santa Rosa CI whom he alleges took personal property from him, specifically greeting cards and letters that he attempted to mail unsuccessfully to family members over ten years ago. (Doc. 1). Plaintiff claims these items are dear to him and irreplaceable because his mother is now dead and his son is now grown. These cards were never actually mailed to these persons, but Plaintiff has kept them all these years and he claims that Officers Lenzo and Chelt took them while he was showering because they could be evidence in a lawsuit over the fact that the institution failed to mail them without good cause.

**I.**      **Standard of Review**

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice."  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

The complaint should be dismissed on a number of bases.

First, a claim for "seizure" or property can not succeed under § 1983 because even though the prisoner "had been 'deprived' of property within the meaning of the Due Process Clause of the Fourteenth Amendment, the State's postdeprivation tort remedy provided the process that was due."  Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L. Ed. 2d 662 (1986).  In the Daniels case the prisoner claimed that prison officials negligently deprived him of property.

**No. 3:08cv205-LC/AK**

Insofar as Plaintiff is alleging that the deprivation of his property was more than negligent and done intentionally and maliciously, his claim must still fail under the Fourteenth Amendment.  The Supreme Court has unequivocally held "that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L. Ed. 2d 393 (1984).  The State of Florida has waived its sovereign immunity in tort actions for the negligent or wrongful acts of employees causing injury or loss of property.  Fla. Stat. § 768.28(1).  Moreover, Florida has established the "Florida Disposition of Unclaimed Property Act."  FLA. STAT. § 717.001, *et seq.*  The existence of § 768.28 and the Unclaimed Property Act provides Plaintiff with a meaningful, post-deprivation remedy to challenge the loss of property.  There is no indication that Florida's statutory schemes are inadequate.  Because Daniels and Hudson foreclose relief under § 1983 when a state provides adequate post-deprivation remedies to protect procedural due process rights, Plaintiff's claims concerning the deprivation of his property are not cognizable under § 1983.

Plaintiff's claim that the officers' actions violated the Fourth Amendment's prohibition against illegal searches and seizures must also fail because the Supreme Court held in Hudson that prisoners do not have a legitimate expectation of privacy in their cells, and therefore the Fourth Amendment protection against unreasonable searches and seizures is not available to them.  *Id.,* p. 526.

**No. 3:08cv205-LC/AK**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint (doc. 1) be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Gainesville, Florida, this **6**$^{th}$ day of January, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 3:08cv205-LC/AK**